IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BEN LEGER,** | * |
| | * |
| Plaintiff, | *   Civil Action No.: 1:25-cv-443 |
| v. | * |
| | *   **JURY DEMAND** |
| **COUNSELMAN AUTOMOTIVE** | * |
| **RECYCLING, LLC,** | * |
| | * |
| Defendant. | * |

## COMPLAINT

COMES NOW, Plaintiff Ben Leger, by and through undersigned counsel, and submits this, his Complaint against Counselman Automotive Recycling, LLC:

### I.     NATURE OF ACTION

Plaintiff brings this action to redress failure to pay overtime in violation of the Fair Labor Standards Act. Specifically, Plaintiff Ben Leger brings this action for injunctive relief, backpay, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*

### II.    JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4), 2001, 2002, and the FLSA.

2.  Venue is proper in the Southern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1391(6) and (c).

### III.   PARTIES

3.  Plaintiff Ben Leger (hereinafter, "Leger") is a male citizen of the United States and a resident of Mobile County, Alabama.

4. Defendant, Counselman Automotive Recycling, LLC (hereinafter, "Defendant"), is an Alabama limited liability company, and as such, an entity subject to suit under the FLSA.

## IV.   FACTS

5. Plaintiff Ben Leger was employed as a driver for Defendant. Leger worked for Defendant for almost thirteen years until he was terminated on or about September 24, 2025.

6. Leger's job duties for the Defendants included loading the work truck and driving a route delivering automotive parts. It was not uncommon for Leger to drive 400 miles in any given day.

7. Leger typically began working around 5:00 or 6:00 each morning and working until roughly 5:00 or 6:00 in the evening Monday through Friday. Twelve hour days were common with sixty hour weeks the norm.

8. For the first decade that Leger worked for Defendant, Leger was paid at an hourly rate of pay. After working forty (40) hours each week, he was paid at an overtime rate of one-and-a-half (1.5) times his regular rate of pay for each additional hour of work. It was common for Leger to have twenty (20) hours of overtime pay each week.

9. Defendant kept a record of Leger's time worked through a clock in/clock out system.

10. In or about early 2023, Defendant changed Leger's compensation from his regular hourly rate of pay to a salary.

11. Nothing else about Leger's employment changed. He was still a driver, and he still regularly worked roughly sixty (60) hours each week.

12. Leger was no longer given the option to clock in/clock out.

13. While the Defendant stopped the historic clock in/clock out system for

maintaining Leger's hours worked, Leger still maintained a log of the route that he drove each day. This reflects that he continued to work the same schedule and perform the same tasks that he had before he was changed to salary.

14. Leger complained about the switch from hourly pay to salary but felt he had not choice if he wanted to continue his employment.

15. Defendant failed to properly and lawfully address Leger's concerns indicating that it was their right as his employer to change his pay.

16. Defendant has failed to follow the FLSA and disregarded Leger's complaints and concerns.

17. Defendant is aware that Leger is performing work in excess of forty (40) hours in almost every week that he works, yet Defendant willfully refuses to pay Leger for this compensable time.

18. Defendant willfully changed Leger's pay in early 2023 for the sole reason that it did not want to pay Leger overtime for any work completed over forty (40) hours each week.

19. Defendant willfully violated the FLSA by failing to pay Leger an overtime rate of pay for work he performed in excess of forty (40) hours a week.

## V.    CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

20. Plaintiff re-avers and incorporate paragraphs 1-19 above as if fully set forth herein.

21. During the past three years, Defendant has willfully violated the FLSA by failing to keep accurate records showing all the time it permitted or required Plaintiff to work, which resulted in the denial of compensation, either at a regular rate or an overtime premium rate for all

time worked in excess of forty (40) hours in a workweek, as required by the FLSA.

22. During the past three years, Defendant has willfully violated the FLSA by permitting or requiring Plaintiff to perform work in excess of forty (40) hours a week without paying him the proper overtime compensation for this time.

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

(a) Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the FLSA;

(b) Award damages from Counselman Automotive Recycling, LLC, including compensation for unrecorded overtime work plus interest, post-judgment interest, and liquidated and exemplary damages, in an amount to be proven at trial;

(c) Award all costs of litigation, including expert fees and attorneys' fees and costs; and

(d) Award such other legal and equitable relief as the Court deems proper.

**Plaintiff Demands a Trial by Struck Jury.**

Done this 4th day of November, 2025.

/s/ Thomas M. Loper
Thomas M. Loper (LOPET8947)
ASB No.: 8947-O57L

LOPER LAW LLC
452 Government Street, Suite E
Mobile, AL 36602
Phone: (251) 288-8308
tloper@loperlawllc.com

*Counsel for Plaintiff*

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

Counselman Automotive Recycling, LLC
c/o James G. Counselman, Registered Agent
3019 St. Stephens Road
Mobile, AL 36612