**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BEN LEGER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:25-cv-443-TFM-MU** |
| | ) | |
| **COUNSELMAN AUTOMOTIVE** | ) | |
| **RECYCLING, LCC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the Court is the *Joint Motion to Approve Settlement* (Doc. 23, filed June 12, 2026) in which the parties motion the Court to approve their agreed-to settlement terms for Plaintiff Ben Leger's Fair Labor Standards Act claim and dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41. For the reasons discussed below, the motion is **GRANTED**.

## I.      APPLICABLE LAW

This case is a Fair Labor Standards Act ("FLSA") case. As such, a "motion for approval [is] necessary because, unlike most claims, a FLSA claim can only be settled by (1) a payment supervised by the Department of Labor under 29 U.S.C. § 216(c) or (2) by a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Padilla v. Smith*, 53 F.4th 1303, 1308 n.8 (11th Cir. 2022) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (internal quotation marks omitted)); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1306-08 (11th Cir. 2013) (stating same and applying to former employers). Evaluating the fairness of an FLSA compromise includes an assessment of: 1) the existence of fraud or collusion behind the settlement;

2) the complexity, expense and likely duration of the litigation; 3) the stage of the proceedings and amount of discovery completed; 4) the probability of plaintiff's success on the merits; 5) the range of possible recovery; and 6) the opinions of the counsel. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). Additionally, when a settlement agreement includes attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). "[T]he parties requesting review of an FLSA compromise must provide enough information for the court to examine the bona fides of the dispute." *Dees*, 706 F. Supp. 2d at 1241.

## II. DISCUSSION AND ANALYSIS

The total settlement amount is $18,254.50, which includes the settlement payment to Plaintiff and his attorney's fees and costs. Plaintiff has agreed to settle his claims for $10,000 -- $5,000 of the settlement is designated as unpaid overtime wages (minus applicable payroll taxes) and the other $5,000 is designated as liquidated damages (not withholding taxes). Plaintiff's counsel will receive $8,256.60 for fees and expenses. The settlement payment will be sent to Plaintiff's attorney's office via United States first class mail or by overnight package delivery within 30 days of the Court's approval of this settlement.

The settlement in this matter was negotiated at arm's length between the parties after they exchanged relevant information about the claim in this matter. The Court agrees with the assessment contained within the joint motion for approval of settlement as to the strengths and weaknesses for each side to include the possibility for extensive litigation costs in the future. The Court also finds the amounts reasonable.

Additionally, having reviewed the request for attorneys' fees, the Court also finds that given the current posture of the case, the amount sought is generally reasonable.

Accordingly, the Court finds that the settlement agreement is a reasonable settlement in this FLSA case and resolves a bona fide dispute.

### III.    CONCLUSION

Based on the above, the *Joint Motion to Approve Settlement* (Doc. 23) is **GRANTED**, and the settlement agreement (Doc. 23 at 6-9) is **APPROVED**.  Therefore, pursuant to Fed. R. Civ. P. 41(a)(2) and the Court's authority to approve settlement agreements under FLSA, this action is **DISMISSED with prejudice**.

The Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 17th day of July 2026.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE